Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| ALLEGRA EMMANUELLI IBARRA<br>Peticionaria<br><br>v.<br><br>DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS<br>Recurrida | TA2026CE00265 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Caguas<br><br>Caso Núm: CD2026MU00045<br><br>Sobre:<br>Ley 22 (2000) |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de abril de 2026.

Comparece la señora Allegra Emmanuelli Ibarra vía *certiorari* y solicita que revoquemos la *Resolución* del Tribunal de Primera Instancia, Sala Municipal de Cidra, emitida el 17 de febrero de 2026. En dicho dictamen, se resolvió sin lugar al recurso de revisión de multa administrativa de tránsito. Por los fundamentos que expondremos, expedimos el auto de *certiorari*, revocamos al Tribunal de Primera Instancia y ordenamos el archivo de las multas relativas al recurso de revisión en cuestión.

En síntesis, el 31 de enero de 2026, la señora Emmanuelli Ibarra fue detenida por un agente del orden público adscrito a las Carreteras y Autopistas de Caguas, quien consecuentemente emitió un boleto de infracción por violación al Artículo 5.02(G)(1) y Artículo 8.05(D) de la Ley Núm. 22-2000 (9 LPRA secs. 5122, 5225). Ante ello, el 3 de febrero de 2026, la peticionaria presentó un recurso de revisión ante el Tribunal de Primera Instancia. Celebrada la vista sin la comparecencia del agente emisor de las multas en controversia, el Tribunal recurrido resolvió sin

lugar al recurso de revisión. Ante la solicitud de reconsideración de la señora Emmanuelli Ibarra, el Tribunal recurrido resolvió sin lugar.

Insatisfecha, la peticionaria recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al declarar sin lugar la revisión solicitada, toda vez que la determinación carece de prueba suficiente por la incomparecencia del agente emisor y la falta de autenticación de la lectura del radar, además de que, según alega la señora Emmanuelli Ibarra, ésta cambió de carril para cumplir con la orden directa de detención emitida por el agente. Presentada la oposición y solicitud de desestimación de la parte recurrida, resolvemos.

Vale recordar que el auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V), como de conformidad con los criterios dispuestos por la Regla 40 de este Tribunal de Apelaciones, *supra.* Véase, también, *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

El Artículo 23.05 de la Ley de Tránsito, 9 LPRA sec. 5686, establece el procedimiento administrativo con relación a las infracciones de tránsito. Por este medio, se facultó a los agentes del orden público a expedir boletos por cualquier falta administrativas de tránsito. 9 LPRA sec. 5685 (a). Según el mismo estatuto, los agentes del orden público expresarán en los boletos expedidos la falta o faltas administrativas infringidas, el monto de la multa, la fecha, la puntuación correspondiente y su firma. Dicho artículo dispone, además, que la copia

entregada al conductor del vehículo o fijada en el carro, contendrá las instrucciones para solicitar la revisión judicial. 9 LPRA Sec. 5685 (c).

Con referencia al trámite a seguir por una persona que ha recibido un boleto por infracción a la Ley de Tránsito y no está conforme, el artículo 23.05 (l) de la Ley de Tránsito establece una vía de revisión, bajo los siguientes términos:

> [s]i el dueño del vehículo, el conductor, el concesionario de venta o el pasajero afectado por la notificación de multa administrativa considera que no se ha cometido la violación que se le imputa, podrá solicitar un recurso de revisión judicial dentro del término de treinta (30) días a partir de la fecha de recibo de la notificación. 9 LPRA sec. 5685 (l).

Lo anterior ha de ser leído en conjunto con la Ley Núm. 201-2003, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 LPRA sec. 24 *et seq.*, donde se establece la competencia de los jueces municipales para resolver ciertos tipos de casos civiles. Entre tales casos se encuentran los recursos de revisión por la expedición de un boleto administrativo bajo la Ley de Vehículos y Tránsito, supra. 4 LPRA Sec. 25(d)(6). Nuestro Tribunal Supremo ha identificado dicho procedimiento como uno de naturaleza civil y no criminal. *Hernández v. Secretario*, 164 DPR 390 (2005).

La sección séptima del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico, al igual que las enmiendas V y XIV de la Constitución de los Estados Unidos, garantizan que ninguna persona sea privada de su libertad o propiedad sin un debido proceso de ley. El debido proceso de ley se manifiesta en dos vertientes distintas: sustantiva y procesal. *Hernández v. Secretario*, supra, págs. 394-395. En su vertiente sustantiva, el tribunal examina la validez de una ley, conforme a los preceptos constitucionales pertinentes, a los fines de proteger los derechos fundamentales de las personas. *Zapata et al. v. Zapata et al.*, 156 DPR 278, 300-301 (2002). En este sentido, el Estado está impedido de aprobar leyes o realizar alguna actuación que afecte de manera irrazonable, arbitraria o caprichosa los intereses de propiedad o libertad

de los individuos. *Hernández v. Secretario,* supra, pág. 395; *McConell v. Palau,* 161 DPR 734 (2004).

El debido proceso de ley en su vertiente procesal le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo. *Rivera Rodríguez & Co. v. Stowell,* 133 DPR 881, 883 (1993). La cláusula del debido proceso de ley instituye las garantías procesales mínimas que el Estado debe proveerle a un individuo al afectarle su propiedad o libertad. *Hernández v. Secretario,* supra, pág. 395; *McConell v. Palau,* supra. La aplicabilidad de dicha cláusula requiere que exista un interés de propiedad o libertad que pueda verse afectado. *Íd.*

El Tribunal Supremo ha señalado que un procedimiento adversativo es el que mejor está diseñado para salvaguardar los derechos individuales contra cualquier acción arbitraria del Estado. Así, se han establecido varios requisitos que el Estado debe satisfacer en todo procedimiento adversativo para cumplir con las exigencias del debido proceso de ley, a saber: (1) una notificación adecuada del proceso; (2) un proceso ante un juez imparcial; (3) una oportunidad razonable de ser oído; (4) **el derecho a contrainterrogar testigos y examinar evidencia presentada en su contra**; (5) tener asistencia de abogado; y, (6) que la decisión se base en el récord. *Hernández v. Secretario,* supra, págs. 395-396; *McConell v. Palau Rivera,* supra*; Rodríguez & Co. v. Stowell,* supra. (Énfasis provisto).

La controversia que nos plantea la peticionaria puede resumirse en lo que sigue: que el foro primario incidió al tomar el contenido del boleto expedido como prueba suficiente de la infracción de tránsito imputada, sin requerir la presencia del agente que lo expidió en la vista celebrada. Juzga que tal actuación del foro recurrido lesionó su derecho a un debido proceso de ley, en tanto le privó de poder contrainterrogar al agente que expidió el boleto. Es decir, aduce que durante el proceso de

revisión del boleto de tránsito se violentó su derecho a impugnar la prueba en su contra.

Según adelantamos, en *Hernández v. Secretario*, supra, se estableció con claridad que, expedido un boleto de tránsito contra un ciudadano que acarreé: el pago de una multa; la acumulación de puntos que eventualmente lo puedan privar del privilegio de conducir vehículo de motor y; como norma general, un gravamen sobre el título del vehículo, ello supone una intervención estatal con el derecho propietario que activa las garantías sobre debido proceso de ley. En consonancia, cabe concluir que, en este caso, nos encontramos ante una intervención del Estado que afecta un derecho propietario y, en consecuencia, activa las garantías de la cláusula del debido proceso de ley que exige un proceso adversativo. *Hernández v. Secretario*, supra.

La interferencia estatal con el derecho propietario de la peticionaria provoca o exige que la vista por causa de la impugnación del boleto de tránsito cumpla con las exigencias mínimas del debido proceso de ley: (1) una notificación adecuada del proceso; (2) un proceso ante un juez imparcial; (3) una oportunidad razonable de ser oído; (4) **el derecho a contrainterrogar testigos y examinar evidencia presentada en su contra**; (5) tener asistencia de abogado; y, (6) que la decisión se base en el récord. *Hernández v. Secretario*, supra, págs. 395-396; *McConell v. Palau Rivera*. (Énfasis provisto).

Entonces, aunque en el proceso seguido en el foro primario contra la aquí peticionaria fueron cumplidos los primeros tres requisitos que exige el debido proceso de ley (notificación adecuada, juez imparcial, oportunidad de ser oído), **la ausencia del agente que expidió el boleto en la vista imposibilitó su interrogatorio**, lo que lesionó el derecho de la peticionaria a contrainterrogarlo y examinar a cabalidad la evidencia presentada en su contra. Juzgamos que el boleto expedido, por sí mismo, no suple el requerimiento constitucional sobre el examen a la prueba presentada en contra de la peticionaria, sino que cabe considerarlo para

efectos de sopesar la debida notificación de las faltas por las cuales fue expedido.

Si se afirma que aquí se intervino con el derecho propietario de la peticionaria, la vista para revisar la expedición de un boleto de tránsito no se puede tornar en una mera formalidad, bastando la sola lectura del boleto emitido para que el foro primario llegue a una conclusión confirmatoria sobre el mismo, sin la oportunidad para la perjudicada de contrainterrogar al agente que la detuvo y expidió el boleto.[1]

Por los fundamentos que expondremos, expedimos el auto de *certiorari*, revocamos al Tribunal de Primera Instancia y ordenamos el archivo de las multas relativas al recurso de revisión en cuestión.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. El juez Campos Pérez disiente sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] La mera ausencia a la vista del agente que expidió el boleto, (a pesar de haber sido debidamente citado), provocó la lesión al debido proceso de ley discutido, para lo cual no se requería examinar la prueba oral desfilada (el testimonio de la peticionaria).